1  | Paul Gary Sterling, Esq. (CBN 135640)
2  | Rex M. Clack, Esq. (CBN 059237)
   | David E. Russo, Esq. (CBN 112023)
3  | STERLING & CLACK
   | A Professional Corporation
4  | 101 Howard Street, Suite 400
   | San Francisco, California  94105
5  | Telephone:  (415) 543-5300
6  | Facsimile:  (415) 543-3335

7  | William H. Ise, Esq. (CBN 81345)
8  | P.O. Box 40, County Road 34 East
   | Dodge Center, Minnesota 55927
9  | Telephone:  (507) 374-2057
   | Facsimile:  (507) 374-2980
10

11 | Attorneys for Defendants
   | OSHKOSH TRUCK CORPORATION
12 | and MCNEILUS TRUCK AND
   | MANUFACTURING, INC.
13

14 | Dugan Barr, Esq. (CBN 40663)
   | BARR & MUDFORD
15 | 1824 Court Street/P.O. Box 994390
   | Redding, California  96099-4390
16 | Telephone: (530) 243-8008
17 | Facsimile: (530) 243-1648

18 | Attorney for Plaintiffs
   | LAURA A. BERRY; JOSHUA N. BERRY, a Minor,
19 | by and through his Guardian ad Litem, LAURA A. BERRY;
20 | and NEIL W. BERRY

21 | //

22 | //

23 | //

24 | //

25 | //

26 | //

27 | //

28

1

UPDATED JOINT STATUS REPORT                    Case No. CIV.S-04-2701 DFL PAN

1

2          UNITED STATES DISTRICT COURT

3
          FOR THE EASTERN DISTRICT OF CALIFORNIA
4
          SACRAMENTO DIVISION

5   LAURA A. BERRY; JOSHUA N. BERRY, a    )   Case No.:  CIV.S-04-2701 DFL PAN
    Minor, by and through his Guardian ad Litem,  )
6   LAURA A. BERRY; and NEIL W. BERRY,    )   **UPDATED JOINT STATUS REPORT**
                                          )
7                                         )
              Plaintiffs,                 )
8        vs.                              )
                                          )
9                                         )
    OSHKOSH TRUCK CORPORATION;            )
10  MCNEILUS TRUCK AND                    )
    MANUFACTURING, INC.; and DOES 1       )
11  through 20, Inclusive,                )
                                          )
12                                        )
              Defendants.                 )
    _____ )
13          Pursuant to Local Rule 16-240 and this Court's Order of February 28, 2005, plaintiffs

14  LAURA A. BERRY; JOSHUA N. BERRY, a Minor, by and through his Guardian ad Litem,

15  LAURA A. BERRY; and NEIL W. BERRY (hereafter "plaintiffs") and defendants OSHKOSH

16  TRUCK CORPORATION and MCNEILUS TRUCK AND MANUFACTURING, INC. (hereafter

17  "defendants"), by and through their respective counsel of record, hereby submit this Updated

18  Status Report.

19  **I. NATURE OF THE CASE**

20          This is a wrongful death action premised on alleged products liability and involving claims

21  of alleged negligence, strict liability, and breach of warranty.  The plaintiffs are the surviving wife

22  and sons of the decedent.  Defendants are the alleged manufacturers and/or sellers of the product in

23  question.  That product is a side loading refuse truck.  Decedent was fatally injured when he was

24  attempting to repair or maintain the truck while employed at Greenwaste Disposal of Red Bluff,

25  California.  Plaintiffs allege that a defective condition of the truck caused decedent's injuries.

26  Defendants have denied the material allegations of the complaint and that there was any defective

27  condition attributable to them, and have asserted a number of affirmative defenses, including the

28  defense that plaintiff's injuries and death were solely caused by the negligent operation and

                                        2

1 │ maintenance of the truck by plaintiff and his co-workers.  Defendants have also asserted that

2 │ Oshkosh Truck Corporation is not a proper party defendant.

3 │      This case was originally filed in the California Superior Court in and for the County of

4 │ Tehama.  Defendants answered the complaint therein and subsequently filed a Notice of Removal in

5 │ this Court, under 28 U.S.C. §1441(b).  Notice to plaintiffs of the removal to this Court was duly

6 │ served and filed in the Tehama County Superior Court.

7 │ **II. PROGRESS IN THE SERVICE OF PROCESS**

8 │      All named defendants were served with summons and complaint in the Tehama County

9 │ action.  Plaintiffs, through their counsel, were served with the Notice of Removal.  Service of

10 │ process is complete as to all named parties before this Court.

11 │ **III. JOINDER OF ADDITIONAL PARTIES**

12 │      At this time, neither plaintiffs nor defendants anticipate the joinder of additional parties.

13 │ **IV. AMENDMENT OF PLEADINGS**

14 │      At the present time, neither plaintiffs nor defendants intend or expect an amendment of their

15 │ pleadings.

16 │ **V. JURISDICTION AND VENUE**

17 │      This Court has removal jurisdiction pursuant to 28 U.S.C. § 1441(b), as this is an action over

18 │ which this Court has original diversity jurisdiction under 28 U.S.C. § 1332.  This action is between

19 │ citizens of different states and involves a controversy exceeding the sum of $75,000, exclusive of

20 │ interest and costs, as set forth with more particularity in defendants' Notice of Removal. All

21 │ plaintiffs are citizens of the State of California.  Defendant Oshkosh Truck Corporation is

22 │ incorporated under the laws of the State of Wisconsin and has its principal place of business in

23 │ Oshkosh, Wisconsin.  Defendant McNeilus Truck and Manufacturing, Inc. is incorporated under the

24 │ laws of the State of Minnesota, and has its principal place of business in Dodge Center, Minnesota.

25 │ Venue in this Court is proper because the Superior Court of Tehama County is located within the

26 │ jurisdiction of this Court.

27 │ //

28 │ //

## VI. ANTICIPATED MOTIONS

Defendants anticipate filing a motion for summary judgment upon the grounds that defendant Oshkosh Truck Corporation did not design, manufacture, or sell the product that is the subject of plaintiffs' complaint.  Discovery on this issue is pending.  After sufficient discovery has taken place, defendants anticipate the likelihood of filing further motions, most likely an additional motion for summary judgment.

## VII. DISCOVERY STATUS & ANTICIPATED FURTHER DISCOVERY/ SCHEDULING

The parties have made their disclosures pursuant to FRCP 26(a).  The parties have agreed to the limits on discovery imposed by the Federal Rules of Civil Procedure including depositions limited to seven (7) hours per person, absent a court-ordered extension and a limit of 25 interrogatories (including subparts).  Defendants have proposed a limit of 25 document requests (including subparts), to which plaintiffs have not agreed.

### A. Plaintiffs' Position

Plaintiffs contend that this case involves the death of plaintiffs' decedent arising from an alleged very peculiar malfunction while decedent and his assistant were performing a maintenance operation on the subject truck, which was and is owned by decedent's employer.  Plaintiffs' counsel does not yet fully understand why or how this malfunction occurred, and has been working with consultants in an attempt to gain a better understanding of the reported phenomenon.  However, doing so involves use of equipment that plaintiffs do not own and over which they have no control.  Plaintiffs' counsel is attempting to find time when the owner of the truck can allow plaintiffs access to said equipment so as to permit plaintiffs' consultants and counsel to conduct a further inspection and thereby seek to resolve unanswered questions.  Plaintiffs will not be in a position to take meaningful depositions of defendants' personnel until such further inspection takes place.  By reason of the trial schedule of plaintiffs' counsel and a planned three-week out-of-country trip, plaintiffs' counsel will be unable to complete this process and begin depositions before August 15, 2005.

//

//

UPDATED JOINT STATUS REPORT                    Case No. CIV.S-04-2701 DFL PAN

**B.  Defendants' Position**

Defendants deny that there was any "malfunction" or fault on the part of the truck.  Rather, plaintiff's decedent violated government mandated safety regulations, which violations proximately resulted in his death.  Defendants commenced discovery on or about March 2, 2005, and have received some response thereto.  Certain discovery is still pending.  As to the responses received, defendants are presently evaluating the sufficiency of plaintiffs' responses incident to determining the need for further written discovery, a meet-and-confer between counsel, or both.  Defendants presently anticipate that some combination of additional written discovery and the securing of further responses to prior discovery will be necessary.  Defendants need to complete this phase of discovery before they can reasonably address a schedule for percipient witness depositions and expert discovery.  Defendants expect they will be in a position to schedule the next phase of discovery within about 60 days from this date.

## VIII. FUTURE PROCEEDINGS

The parties respectfully suggest that the setting of dates for expert discovery, discovery cut-off, law and motion, pre-trial and trial await a later status conference.  The parties will be in a better position at that time to make meaningful recommendations concerning these scheduling matters.  The parties also respectfully suggest that such later status conference might usefully be set for August 2005, in light of the discovery issues discussed in Section VII above.

## IX. SPECIAL PROCEDURES

The parties do not have any recommendations at this time for special procedures or for modification of standard pre-trial procedures.  Defendants report that they have not consented to the assignment of this case to a magistrate judge for trial or other dispositive proceedings.

## X.  ESTIMATE OF TRIAL TIME

At the present time, the parties do not have a fair estimate of the time needed for trial of this case.  The parties will be in a better position to make such an estimate at a later status conference.

## XI. RELATED CASES

The parties are not aware of any related case.

1  **XII. SETTLEMENT MATTERS**

2       Plaintiffs have proffered a stipulation to engage in the Voluntary Dispute Resolution

3  Program (VDRP).  Defense counsel has considered VDRP, has explained that program to their

4  clients and, with the assistance and participation of defendants and their counsel, it has been

5  carefully considered whether this case might benefit from participation in the VDRP.  At this time,

6  defendants are of the view that this case would not benefit from participation in VDRP.

7  **XIII. OTHER MATTERS**

8       The parties are not presently aware of any other matter that may contribute to the just and

9  expeditious disposition of this matter.

10

11                                    Respectfully submitted,

12

13                                    STERLING & CLACK

14                                    Paul Gary Sterling
                                       Rex M. Clack

15                                    David E. Russo

16

17  Dated:                        By:_____s/David E. Russo_____

18                                          David E. Russo

19

20                                    WILLIAM H. ISE

21                                    Attorneys for Defendants
                                       OSHKOSH TRUCK CORPORATION and

22                                    MCNEILUS TRUCK AND

23                                    MANUFACTURING, INC.

24  //

25  //

26  //

27  //

28

UPDATED JOINT STATUS REPORT                    Case No. CIV.S-04-2701 DFL PAN

BARR & MUDFORD, LLP

Dated:                                        By: _____s/Dugan Barr_____
                                                        Dugan Barr

                                              Attorneys for Plaintiffs
                                              LAURA A. BERRY;
                                              JOSHUA N. BERRY, by and through his
                                              Guardian ad Litem, LAURA A. BERRY; and
                                              NEIL W. BERRY

030103/P/UpdatedJointStatusReport

David E. Russo attests that concurrence in the filing of this document has been obtained from each

of the other signatories identified herein.

UPDATED JOINT STATUS REPORT                          Case No. CIV.S-04-2701 DFL PAN