Rex M. Clack, Esq. (CBN 059237)
David E. Russo (CBN 112023)
STERLING & CLACK
A Professional Corporation
101 Howard Street, Suite 400
San Francisco, California  94105
Telephone:  (415) 543-5300
Facsimile:  (415) 543-3335

Attorneys for Defendants
OSHKOSH TRUCK CORPORATION
and MCNEILUS TRUCK AND
MANUFACTURING, INC.

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| LAURA A. BERRY; JOSHUA N. BERRY, a Minor, by and through his Guardian ad Litem, LAURA A. BERRY; and NEIL W. BERRY,<br><br>     Plaintiffs,<br><br>   vs.<br><br>OSHKOSH TRUCK CORPORATION; MCNEILUS TRUCK AND MANUFACTURING, INC.; and DOES 1 through 20, Inclusive,<br><br>     Defendants. | Case No.:  CIV.S-04-2701 DFL PAN<br><br>**STIPULATED PROTECTIVE ORDER** |

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, and in order to govern the production and use of information claimed to be a trade secret (California Evidence Code §1060; Rule 501, Federal Rules of Evidence) or otherwise confidential, Plaintiffs and Defendants, through their counsel of record, hereby stipulate to the following terms of a protective order.

   1.   Scope of Order.  This Order shall govern all documents produced and information supplied in any form in this case for purposes of discovery or otherwise, which have been

designated as "**CONFIDENTIAL**".  When used in this Order, "documents" shall mean all written, recorded or graphic matter and any materials or tangible things, and shall include, without limitation, deposition transcripts, deposition exhibits and documents produced in this action by any party or non-party to the action.  The use at trial of any material designated as "**CONFIDENTIAL**" shall be governed by a Pretrial Order to be entered subsequent to the completion of discovery.

2. "**CONFIDENTIAL**". For purposes of this Order, "**CONFIDENTIAL**" shall mean all documents and information, which are produced for or disclosed to a receiving party, which a producing party considers in good faith to constitute or contain trade secrets, proprietary information, confidential research and development and/or commercial information and which has been so designated by the producing party in the manner set forth hereafter.  Only three copies of "**CONFIDENTIAL**" material shall be produced and **the receiving party is prohibited from making copies thereof or otherwise reproducing such information in whole or in part in any manner whatsoever.**  Each copy (or set) shall be stamped in red ink with a separate number designating that copy or set, for example, "COPY NO. 1", "COPY NO, 2", and "COPY NO. 3".  If necessary, an additional copy may be obtained upon request to producing party's counsel.

3. Manner of Designation for "**CONFIDENTIAL**" Material.  The designation of any documents as "**CONFIDENTIAL**" may be made by placing or affixing thereon (in such manner as will not interfere with the legibility thereof) the following notice:

CONFIDENTIAL

CONFIDENTIAL BUSINESS RECORDS OF _____

FOR USE IN CASE CIV.S-04-2701 ONLY


MAY NOT BE COPIED OR REPRODUCED IN WHOLE

OR IN PART IN ANY MANNER WHATSOEVER


TO BE RETURNED TO _____

AT THE CONCLUSION OF THIS LITIGATION

PDF created with pdfFactory trial version www.pdffactory.com

PER COURT ORDER DATED _____

Documents to which such notice cannot be affixed may be designated as "**CONFIDENTIAL**" in any manner sufficient to give notice thereof.

4. <u>Procedures</u>.

(a) Any party producing documents or otherwise supplying information may designate, subject to paragraph 3 of this Order, all or any portion or portions thereof as "**CONFIDENTIAL**" material.

(b) Any party producing or filing a document shall, at the time of production or filing, designate it as set out in paragraph 3. Deposition testimony shall be designated as "**CONFIDENTIAL**" during the course of a deposition.

5. <u>Objections to Designation</u>. A party may object at any time to the designation of materials as "**CONFIDENTIAL**" by giving written notice to the party designating it as such. Such notice shall identify the material to which the objection is directed. The failure to object at any time shall not preclude a subsequent objection. If the parties are unable to resolve their differences within seven (7) days, the objecting party may file an appropriate motion requesting that the Court rule that the disputed material should not be treated as "**CONFIDENTIAL**" material under this Order. The disputed material shall remain "**CONFIDENTIAL**" material and subject to the terms of this Order until the Court has ruled on such motion.

6. <u>Use of "**CONFIDENTIAL**" Material</u>. ALL PARTIES TO THIS ACTION (INCLUDING THEIR LEGAL COUNSEL AND EXPERTS) TO WHOM "**CONFIDENTIAL**" MATERIAL IS DISCLOSED OR PRODUCED PURSUANT TO THIS ORDER SHALL USE SUCH MATERIAL FOR PURPOSES OF THIS LITIGATION ONLY AND FOR NO OTHER PURPOSES.

7. <u>Disclosure of "**CONFIDENTIAL**" Material</u>. "**CONFIDENTIAL**" material shall not be disclosed except to:

(a) The Court or as authorized by the Court during hearings or trials.

PDF created with pdfFactory trial version www.pdffactory.com

(b) Attorney of record for all parties (including only those employees of said legal counsel working on this case and having a need to see it).

(c) The parties, named witnesses or retained experts or consultants to whom, in the good faith judgment of the disclosing counsel, it is necessary for the purposes of preparation for and/or trial of this case to disclose "**CONFIDENTIAL**" material in connection with interviewing or conferring with such persons, **provided, however**, that prior to disclosure of "**CONFIDENTIAL**" material to persons designated in this subparagraph (c), all terms and conditions of paragraph 8 of this Order are fully complied with.

(d) Any mediators, arbitrators or court reporters in the instant case shall be allowed to see "**CONFIDENTIAL**" material; however, no copies of the "**CONFIDENTIAL**" material shall be given to or left with any mediators, arbitrators, or court reporters without the express permission or agreement of the producing party or it's attorneys, or by court Order.

8. <u>Written Acknowledgments</u>. No "**CONFIDENTIAL**" material shall be disclosed to any person described in subparagraph 7(c) hereof unless such person acknowledges in writing as set forth on Exhibit "A" that he/she has received a copy of this Order and agrees to be bound by its terms and submits to the court's jurisdiction for the purpose of enforcement of this Order. Each such original written acknowledgment shall be delivered to and retained by the legal counsel (receiving party's counsel) disclosing the "**CONFIDENTIAL**" material. Counsel for the receiving party shall be responsible to ensure compliance with this paragraph.

9. <u>Court Documents to be Filed Under Seal</u>. To the extent that pleadings, motion papers, memoranda of law, transcripts of depositions, and any exhibits to said pleadings, motion papers, memoranda of law, or transcripts or depositions incorporate documents or information designated as "**CONFIDENTIAL**" material, then such court filings or transcripts or exhibits, to the extent they contain "**CONFIDENTIAL**" material shall be filed under seal subject to further order of the Court.

10. <u>Limitation on the Use of Confidential Information</u>. Information or material designated "**CONFIDENTIAL**" shall be held in strict confidence by each person to whom it is disclosed, shall be used only in and for the purposes of this action, shall not be used for any

PDF created with pdfFactory trial version www.pdffactory.com

business purpose, and shall not be disclosed to any person who is not entitled to receive such information as herein provided.  All produced information or materials designated "**CONFIDENTIAL**" shall be carefully maintained so as to preclude access by persons who are not entitled to receive such information.

   11. <u>Modification of Order</u>.  This Order may be modified by further written stipulation signed by the undersigned attorneys, or by further order of the Court.  Nothing in this Order shall be deemed to preclude any party from seeking a modification of this Order, to include, but not limited to, any additional protective terms or conditions that a party may believe in good faith to be appropriate or necessary.

   12. <u>Obligation to return "**CONFIDENTIAL**" Materials</u>.  The attorney for any party receiving "**CONFIDENTIAL**" material is required to return all "**CONFIDENTIAL**" material upon termination of this litigation to the attorney for the party who produced it and the attorney for the party returning said "**CONFIDENTIAL**" material shall certify by Affidavit that he or she has returned all copies.  All such "**CONFIDENTIAL**" material [i.e., all original stamped numbered copies (or sets)] shall be returned to producing party's counsel not later than thirty (30) days after conclusion of this litigation.  The originals of all written acknowledgments executed in compliance with paragraph 8 of this Order shall also be provided to said counsel at that time.  The attorney for the returning party shall certify in his or her Affidavit required by this paragraph that he or she is enclosing an original written acknowledgment for each person referred to in paragraph 7(c) of this Order.

   13. <u>No Admissions</u>.  Neither this Order nor the designation of any material as "**CONFIDENTIAL**" shall be construed as an admission that such material, or any testimony relating to such material, in a deposition or at trial, would be admissible in evidence in this cause or in any proceeding.

//
//
//
//

STIPULATED PROTECTIVE ORDER   Case No.  CIV.S-04-2701 DFL PAN

PDF created with pdfFactory trial version www.pdffactory.com

1   14. Nothing contained in this Order shall be construed as shifting any of the burdens of
2   proof of any party with respect to any dispute over the applicability of a privilege to any particular
3   document produced pursuant to this Order.
4
5   SO STIPULATED:
                                                STERLING & CLACK
6
7
8
9   Dated: 1/9/06                    By:     s/Rex M. Clack
                                                Rex M. Clack
10                                              Attorneys for Defendants
11                                              OSHKOSH TRUCK CORPORATION and
                                                MCNEILUS TRUCK AND
12                                              MANUFACTURING, INC.
13
    030103/P/Protective Order
14
15  Dated:                                      BARR & MUDFORD
16
17                                              By:    s/Dugan Barr
                                                      Dugan Barr
18                                              Attorney for Plaintiffs
19                                              LAURA A. BERRY; JOSHUA N. BERRY, a
                                                Minor, by and through his Guardian ad Litem,
20                                              LAURA A. BERRY; and NEIL W. BER
21
22
23  Dated:  12/22/05                             LAUGHLIN, FALBO, LEVY & MORESI
24
25                                              By:     s/James B. Knezovich
                                                      James B. Knezovich, Esq.
26                                              Attorney for Lien Claimant
                                                FIDELITY & GUARANTEE INS. CO.
27
    Rex M. Clack attests that concurrence in the filing of this document has been obtained from each of
28  the other signatories herein

6

## ORDER

Having reviewed and considered the party's stipulation to a protective order above, and finding good cause for its entry, this Protective Order is hereby made and entered.  However, the court makes the following amendment:  no document may be filed under seal unless the court so orders.  Therefore, if a document is confidential, the party who seeks to file the document must make a motion to seal the document.  The motion to seal must demonstrate that the entire document is confidential;  otherwise the court will order a redacted copy filed in the public record.  DONE and ORDERED in Chambers at the Eastern District of California, Sacramento  this 13 day of January, 2006.

_____
DAVID F. LEVI
United States District Judge

Rex M. Clack, Esq. (CBN 059237)
David E. Russo (CBN 112023)
STERLING & CLACK
A Professional Corporation
101 Howard Street, Suite 400
San Francisco, California  94105
Telephone:  (415) 543-5300
Facsimile:  (415) 543-3335

Attorneys for Defendants
OSHKOSH TRUCK CORPORATION
and MCNEILUS TRUCK AND
MANUFACTURING, INC.

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| LAURA A. BERRY; JOSHUA N. BERRY, a Minor, by and through his Guardian ad Litem, LAURA A. BERRY; and NEIL W. BERRY,<br><br>Plaintiffs,<br>vs.<br><br>OSHKOSH TRUCK CORPORATION; MCNEILUS TRUCK AND MANUFACTURING, INC.; and DOES 1 through 20, Inclusive,<br><br>Defendants. | Case No.:  CIV.S-04-2701 DFL PAN<br><br>**AFFIDAVIT AND AGREEMENT TO BE BOUND BY TERMS OF THE PROTECTIVE ORDER** |

**KNOW ALL MEN BY THESE PRESENTS:**

The undersigned, being first duly sworn, stated under oath as follows:

1.     I have been requested to inspect certain material which has been designated "**CONFIDENTIAL**" within the terms of the Protective Order in the above-captioned case, for purposes of assisting counsel to prepare for the trial of the above-captioned matter.

//

STIPULATED PROTECTIVE ORDER                                                             Case No. CIV.S-04-2701 DFL PAN

PDF created with pdfFactory trial version www.pdffactory.com

2. I have read the Protective Order and I understand the terms therein. I hereby agree to be bound by that Order. That for the purposes of enforcing the Protective Order, I hereby submit to the personal jurisdiction of the court captioned above.

3. I hereby agree that I will not disclose the contents of any "**CONFIDENTIAL**" material to any person other than those persons authorized by paragraph 7 to have access to that material and who have agreed in writing to be bound by the Protective Order, and I will hold such "**CONFIDENTIAL**" material in strict confidence pursuant to the terms of the Protective Order.

4. I agree that I will not copy or reproduce any documents designated as "**CONFIDENTIAL**". I will hold such "**CONFIDENTIAL**" material in strict confidence pursuant to the terms of the Protective Order.

5. I hereby agree that at the completion of my function in connection with the above-captioned matter, all "**CONFIDENTIAL**" material received by me will be returned to the person from whom I received it.

__________________________________

Name:______________________________

Title:_______________________________

Date:_______________________________

STATE OF ______________________ )

) ss:

COUNTY OF ____________________ )

**BEFORE ME**, the undersigned authority, this day personally appeared ______________________________________, who is (personally known to me) (or who as produced) deposes and says that he/she has read the aforegoing Affidavit and Agreement to be bound by Terms of the Protective Order.

//

PDF created with pdfFactory trial version www.pdffactory.com

1 | **SWORN and SUBSCRIBED** to me before me this _____ day of
2 | _____, 2005.

Signature:_____

NOTARY PUBLIC, State of _____
AT LARGE
Name:
Title:
Serial No.:
My Commission Expires:

030103/P/AFFIDAVIT PROTECTIVE ORDER

STIPULATED PROTECTIVE ORDER                                          Case No. CIV.S-04-2701 DFL PAN

PDF created with pdfFactory trial version www.pdffactory.com